**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Daniel Francois

    v.                                                    Civil No. 23-cv-182-PB

Warden, FCI Berlin


**Report and Recommendation**

Daniel Francois, who is proceeding pro se and is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, brings a petition pursuant to 28 U.S.C. § 2241, challenging the amount of presentencing detention time that the Bureau of Prisons ("BOP") credited against his sentence. The petition is referred for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rules, Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." See 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face"). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

On June 29, 2017, Francois was taken into state custody for parole violations in two state court cases in Connecticut. Doc. no. 1-1, at 2. About two years later, on June 19, 2019, a federal detainer was lodged against Francois relating to an outstanding charge of unlawful possession of a firearm by a convicted felon. Doc. 1, at 7; doc. no. 1-1, at 2, 4.

Francois was temporarily removed from state custody to federal custody to address that charge on July 10, 2019, through a Writ of Habeas Corpus Ad Prosequendum. Doc. no. 1-1, at 2. Francois pleaded guilty to the charge of unlawfully possessing firearms as a convicted felon. See United States v. Francois, No. 20-3752-cr, U.S. App. LEXIS 33755, at *1, 2021 WL 5286657, at *1 (2d Cir. Nov 15, 2021). He was sentenced on October 6, 2020 to serve sixty-five months in prison, to be followed by three years of supervised release, and judgment was entered on October 29, 2020. See United States v. Francois, No. 19-cr-164-JBA (D. Conn. Oct. 29, 2020). An amended judgment was entered on

November 10, 2020 to clarify that the federal sentence was to run consecutively with Francois's state sentence. Francois was released from state custody and transferred to federal custody on February 4, 2021. Doc. no. 1-1, at 2.

Francois asked the BOP to give him credit toward his federal sentence for the time he spent in custody from June 19, 2019, when the federal detainer against him was lodged, until October 6, 2020, when he was sentenced. That request was denied, and he appealed the decision. Doc. 1-1, at 4.

On appeal, the Administrator of National Inmate Appeals explained that Francois was in state custody serving his state parole violation sentence from June 19, 2017, until the state sentence was completed on February 4, 2021, when he was released to federal custody to complete his federal sentence. Doc. 1-1, at 2. Therefore, all of the time Francois spent in custody between June 19, 2016 and February 4, 2021 was credited toward Francois's state sentence. Id. The Administrator affirmed the calculation of Francois's sentence under BOP Program Statement 5880.28. Id. at 3.

## Discussion

In support of his § 2241 petition, Francois continues to argue that he is entitled to credit toward his federal sentence

for the time he was in custody serving his state sentence from June 19, 2019, to October 6, 2020.[1] He is mistaken.

A defendant is entitled to credit for time he spent in official custody because of the charge on which he was later convicted or because of "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," as long as that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). "When a prisoner is held in federal custody before sentencing on a federal offense but that time is credited toward a state sentence, he is not entitled to a reduction of his federal sentence for that time." Fortt v. Hazlewood, No. 20-cv-1082-JL, 2022 U.S. Dist. LEXIS 99582, at *4-*5, 2022 WL 1913921, at *2 (Apr. 19, 2022 D.N.H.) (citing cases), R&R approved, 2022 U.S. Dist. LEXIS 99208, at *1, 2022 WL 1912846, at *1 (June 3, 2022 D.N.H.). Further, a writ of habeas corpus ad prosequendum for

---

[1] A prisoner's request for credit against his sentence based on presentencing custody must be made to the Attorney General through the BOP. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). "'Once administrative remedies are exhausted [through the BOP], . . . prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 18 U.S.C. § 2241.'" Darling v. Boncher, ___ F. Supp. 3d ___, 2023 U.S. Dist. LEXIS 9168, at *3, 2023 WL 319861, at *1 (D. Mass. Jan. 19, 2023) (quoting Rogers, 180 F.3d at 358). It appears that Francois exhausted his administrative remedies.

4

federal proceedings does not change a prisoner's custody status. United States v. Mills, 501 F.3d 9, 11 (1st Cir. 2007).

Francois does not dispute that he was serving his state sentence in Connecticut, and received credit toward that state sentence, at the time the federal detainer issued, when the writ of habeas corpus ad prosequendum issued, and until his release to federal custody in February 2021. Accordingly, Francois is not entitled to a have that time credited toward his federal sentence, or have his federal sentence otherwise reduced in consideration of his time in state custody.[2]

## Conclusion

For the foregoing reasons, the district court judge should deny Francois's § 2241 petition (doc. no. 1) and direct the clerk's office to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district

---

[2] The exceptions to the rule against double counting time in custody, recognized in Willis v. United States, 438 F.2d 923 (5th Cir. 1971), and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), do not apply here.

court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

    SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

July 6, 2023

cc: Daniel Francois, pro se